IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUSQVARNA AB and HUSQVARNA PROFESSIONAL PRODUCTS, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> THE TORO COMPANY, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs HUSQVARNA AB and HUSQVARNA PROFESSIONAL PRODUCTS, INC. (jointly, "Husqvarna") demand a trial by jury on all issues so triable and hereby complain of Defendant THE TORO COMPANY ("Toro") and allege as follows:

## I. PARTIES

1.  Plaintiff Husqvarna AB is a company organized and existing under the laws of Sweden having its registered office at Drottninggatan 2, 56182 Huskvarna, Sweden.

2.  Plaintiff Husqvarna Professional Products, Inc. is a corporation incorporated under the laws of Delaware having its principal place of business at 9335 Harris Corners Parkway, Suite 500, Charlotte, North Carolina, USA.

3.  Upon information and belief, Defendant The Toro Company is a corporation incorporated under the laws of Delaware having its principal place of business at 8111 Lyndale Avenue South, Bloomington, Minnesota, USA.  Defendant Toro resides in Delaware and is subject to personal jurisdiction in Delaware.

## II. SUBJECT MATTER JURISDICTION AND VENUE

4.  This action is one for patent infringement arising under 35 U.S.C. § 271.

5. The Court has jurisdiction under 28 U.S.C. § 1338(a).

6. Venue lies in this district under 28 U.S.C. § 1391(b) and(c), and 1400(b) in that Toro resides and has committed acts of infringement in this Judicial District.

### III. THE PATENT-IN-SUIT

7. Husqvarna AB is the owner by assignment of U.S. Patent No. 9,055,713 entitled "All Wheel Drive, Walk Behind Mower" ("the '713 patent") which the United States Patent and Trademark Office lawfully and duly issued on June 16, 2015. A true and correct copy of the '713 patent is attached hereto as Exhibit 1.

8. Husqvarna Professional Products, Inc. has an exclusive license under the '713 patent, including the right to enforce the '713 patent and the right to seek all available remedies for past and future infringement.

### IV. DEFENDANT'S ACTIVITES

9. Upon information and belief, Toro has made, used, offered to sell, and/or sold within the United States, including in this Judicial District, and/or has imported into the United States, lawn mower products, including Toro's Recycler 22-inch Personal Pace All-Wheel Drive Mower (Toro Model No. 20353).

### V. FIRST CLAIM FOR RELIEF (INFRINGEMENT OF THE '713 PATENT)

10. Husqvarna realleges and reincorporates the allegations set forth in Paragraphs 1 through 9.

11. Upon information and belief, Toro has infringed and continues to infringe at least one claim of the '713 patent under 35 U.S.C. § 271(a) through the making, using, offering to sell, and/or selling within the United States, including in this Judicial District, and/or the importing into the United States of lawn mower products, including at least Toro's Recycler 22-inch

Personal Pace All-Wheel Drive Mower (Toro Model No. 20353).

12. As a consequence of Toro's infringement of the '713 patent, Husqvarna has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

13. Upon information and belief, unless enjoined, Toro, and/or others acting on behalf of Toro, will continue their infringing acts, thereby causing additional irreparable injury to Husqvarna for which there is no adequate remedy at law.

## VI. DEMAND FOR JURY TRIAL

14. Husqvarna respectfully demands a jury trial for all issues so triable.

## VII. PRAYER FOR JUDGMENT AND RELIEF

15. WHEREFORE, Husqvarna requests judgment as follows:

(1) Pursuant to 35 U.S.C. § 271, a determination that Defendant Toro and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with it has infringed Husqvarna's '713 patent through the making, use, offer for sale, and/or sale within the United States, and/or the importation into the United States of infringing products;

(2) Pursuant to 35 U.S.C. § 283, a determination that Defendant Toro and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with it should be enjoined from infringing Husqvarna's '713 patent through the making, use, offer for sale, and/or sale within the United States, and/or the importation into the United States of infringing products, including injunctive relief;

(3) Pursuant to 35 U.S.C. § 284, a determination that Defendant Toro should be required to compensate Husqvarna for its infringement of Husqvarna's '713 patent

through payment of damages adequate to compensate for the infringement, but in an amount not less than a reasonable royalty on Toro's sales of infringing products, together with interest and costs;

(4) Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case and an award of reasonable attorneys' fees; and

(5) That Husqvarna be granted such other and further relief as the Court deems equitable and just under the circumstances.

    Respectfully submitted,

OF COUNSEL:  
Joseph R. Re  
David Jankowski  
KNOBBE, MARTENS, OLSON  
& BEAR, LLP  
2040 Main Street, Fourteenth Floor  
Irvine, CA 92614  
(949) 760-0404  

Karen Vogel Weil  
Hans L. Mayer  
KNOBBE, MARTENS, OLSON  
& BEAR, LLP  
10100 Santa Monica Blvd., Sixteenth Floor  
Los Angeles, CA 90067  
(310) 551-3450  

Dated: September 22, 2015

*/s/ John W. Shaw*  
John W. Shaw (No. 3362)  
SHAW KELLER LLP  
300 Delaware Avenue, Suite 1120  
Wilmington, DE 19801  
(302) 298-0700  
jshaw@shawkeller.com  
*Attorney for Plaintiffs*