**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HUSQVARNA AB and HUSQVARNA PROFESSIONAL PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE TORO COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 15-856-SLR <br><br> **DEMAND FOR JURY TRIAL** |

**[PROPOSED] SCHEDULING ORDER**

At Wilmington this ___ day of January 2016, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

**1. Fact Discovery**.

(a) All fact discovery shall be commenced in time to be completed by the date set forth in Schedule A hereto.

(b) **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c) **Initial Disclosures.**

(1) The parties shall exchange the information required by Fed.

R. Civ. P. 26(a)(1)(A), and Paragraph 3 of the Default Standard, by the dates set forth in Schedule A hereto**.**

(2) On or before the date set forth in Schedule A hereto, plaintiffs shall identify the accused product(s) and its damages model. Plaintiffs shall produce the file history for the asserted patent.

(3) On or before the date set forth in Schedule A hereto, defendant shall produce to plaintiffs the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(4) The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5) On or before the date set forth in Schedule A hereto, plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(6) On or before the date set forth in Schedule A hereto, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

**(d)** **Document production.**

(1) At this early stage of the case, the parties do not believe it is necessary for the Court to limit the number of requests for production of documents.

(2) Discovery of paper and electronic documents shall be

completed on or before the date set forth in Schedule A hereto.

**(e)** **Depositions**.

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

**(f)** **Written Discovery.**

(1) Maximum of 25 interrogatories by each side.

(2) Final infringement contentions[1] shall be due on or before the date set forth in Schedule A hereto.

(3) Final invalidity contentions shall be due on or before the date set forth in Schedule A hereto.

(4) Maximum of 50 requests for admission by each side, not including admissions directed towards authentication of documents. The parties' requests for admission directed towards authentication of documents do not need to be served prior to the close of fact discovery.

**(g)** **Supplementation.** No later than the date set forth in Schedule A hereto, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

**2.** **Joinder of Other Parties and Amendment of Pleadings.** All motions to

---

[1] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

join other parties and/or to amend pleadings shall be filed on or before the date set forth in Schedule A hereto.

    **3.**    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[2] for the purposes of exploring ADR.

    **4.**    **Claim Construction.**[3]

    (a)    The **parties** shall **exchange** lists of those claim terms in need of construction (along with their respective proposed constructions) on or before the date set forth in Schedule A hereto**.**

    (b)    The parties shall agree upon and file a Joint Claim Construction Statement on the date set forth in Schedule A hereto.  For any contested claim limitation, each party must submit a proposed construction.[4]

    (c)    Plaintiffs **shall** serve and file their opening brief on claim construction on or before the date set forth in Schedule A hereto.

    (d)    Defendant shall serve and file its answering claim construction brief on or before the date set forth in Schedule A hereto.

    (e)    **Plaintiffs** shall serve and file their reply brief on or before the date set forth in Schedule A hereto.

    (f)    **Defendant** shall serve and file its surreply brief on or before the date set forth in Schedule A hereto.

---

[2] The court may also refer ADR to a Special Master.

[3] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

(g) The **court** shall conduct a hearing on claim construction on the date set forth in Schedule A hereto.[5]

(h) The court shall issue its decision on claim construction on or before the date set forth in Schedule A hereto.

(i) The court shall thereafter conduct a status conference on the date set forth in Schedule A hereto, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

5. **Expert Discovery.**

(a) All expert discovery **shall** be commenced in time to be completed by the date set forth in Schedule A hereto.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before the date set forth in Schedule A hereto. Rebuttal expert reports shall be served on or before the date set forth in Schedule A hereto. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before the date set forth in Schedule A hereto.

(c) Expert depositions are limited to a maximum of 7 hours, absent agreement of the parties or order of the court.

(d) The court **shall** conduct an in-person status conference on the date

---

[4] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

[5] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

set forth in Schedule A hereto, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

      **6.**    **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other party a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

      **7.**    **Motion Practice.**

          (a)    All motions to **dismiss**, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

          (b)    All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

          (c)    All **summary** judgment motions shall be served and filed on or before the date set forth in Schedule A hereto. Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

                (1)    Opening briefs on infringement and invalidity shall be served and filed on the date set forth in Schedule A hereto.

(2) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed **[Plaintiffs propose 14 days after the date in (1) above; Defendant proposes 21 days after the date in (1) above]**.

(3) Where cross-motions are presented:

(i) Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed **[Plaintiffs propose: 14 days after service of the combined opening-answering briefs; Defendant proposes 21 days after service of the combined opening-answering brief]**.

(ii) Reply briefs on noninfringement and validity shall be served and filed **[Plaintiffs propose: 7 days after service of the combined answering-reply briefs; Defendant proposes 14 days after service of the combined answering-reply briefs]**.

(4) Where cross-motions are not presented:

**(i)** Answering briefs on infringement and validity shall be served and filed as follows: **[Plaintiffs propose 14 days after the date in (1) above; Defendant proposes 21 days after the date in (1) above.]** Answering briefs on noninfringement and invalidity shall be served and filed as follows: **[Plaintiffs propose 14 days after the date in (2) above; Defendant proposes 21 days after the date in (2) above.]**

(ii) Reply briefs on infringement and validity shall be served and filed as follows: **[Plaintiffs propose 7 days after service of the answering briefs on infringement and validity; Defendant proposes 14 days after

**service of the answering briefs on infringement and validity**.]  Reply briefs on noninfringement and invalidity shall be served and filed as follows:  **[Plaintiffs propose 7 days after service of the answering briefs on noninfringement and invalidity; Defendant proposes 14 days after service of the answering briefs on noninfringement and invalidity**.]

(5)     The court shall hear oral argument on said motion(s) on the date set forth in Schedule A hereto.

8. **Communications with the Court.**

(a)     Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No **telephone** calls shall be made to chambers.

(c)     Any **party** with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d)     To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

9. **Motions in Limine.  No** motions in limine shall be filed.  Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

      **10.**    **Pretrial Conference.**  A pretrial conference shall be held on the date set forth in Schedule A hereto.  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

      **11.**    **Trial.**  This matter is scheduled for a 5 day jury trial commencing on the date set forth in Schedule A hereto.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

 

                                                            _____
                                                                  United States District Judge

**Schedule A: Proposed Schedule**

|  | AGREED Dates | HUSQVARNA'S Proposed Dates | TORO'S Proposed Dates |
|---|---|---|---|
| Rule 16 Scheduling Conference | 1-14-2016 | | |
| Fed. R. Civ. P. 26(a)(1) disclosures | 2-12-2016 | | |
| Plaintiffs to identify accused product(s) and its damages model, and produce file history | 2-12-2016 | | |
| Disclosures pursuant to paragraph 3 of the Default Standard | 2-29-2016 | | |
| Defendant to produce the core technical documents and sales figures for the accused product(s) | 3-14-2016 | | |
| Status conference (para. 1(c)(4)) | To be set by the Magistrate Judge | | |
| Plaintiffs to produce an initial claim chart | 4-13-2016 | | |
| Defendant to produce initial invalidity contentions and produce references | 5-13-2016 | | |
| Parties shall exchange lists of claim terms in need of construction along with their respective proposed constructions | | 6-3-2016 | 7-13-2016 |
| Parties shall file a Joint Claim Construction Statement | | 6-17-2016 | 8-12-2016 |
| Paper and electronic document discovery to be completed | | 6-30-2016 | 12-16-2016 |
| Plaintiffs shall serve and file their opening brief on claim construction | | 7-1-2016 | 9-12-2016 |
| Defendant shall serve and file its answering claim construction brief | | 7-15-2016 | 10-12-2016 |
| Plaintiffs shall serve and file their reply claim construction brief | | 7-22-2016 | 10-26-2016 |
| Defendant shall serve and file its surreply claim construction brief | | 7-29-2016 | 11-11-2016 |
| Claim construction hearing | | Aug. 2016 | 12-16-2016, at the Court's convenience |
| Court issues claim construction ruling | | Sept. 2016 | 2-13-2017 |
| Status conference to discuss the scope of the case and potential limits on expert discovery | | Oct. 2016 | 2-27-2017 |

| | | | |
|---|---|---|---|
| Plaintiffs will provide final infringement contentions | | 10-28-2016 | 1-9-2017 |
| Defendant will provide final invalidity contentions | | 11-28-2016 | 1-30-2017 |
| Parties will finally supplement the identification of all accused products and of all invalidity references | | 11-28-2016 | 2-6-2017 |
| All motions to join other parties and/or to amend pleadings shall be filed | 10-7-2016 | | |
| Fact discovery to be completed | | 1-13-2017 | 2-10-2017 |
| Expert reports on issues for which the parties have the burden of proof to be served | | 2-10-2017 | 4-14-2017 |
| Rebuttal expert reports to be served | | 3-10-2017 | 5-19-2017 |
| Supplemental reports – secondary considerations of obviousness | | 3-24-2017 | 6-16-2017 |
| Expert discovery to be completed | | 4-24-2017 | 7-21-2017 |
| In-person status conference regarding expert discovery issues | | May 2017 | 8-15-2017 |
| Summary judgment motions to be filed | | 5-12-2017 | 10-6-2017 |
| Summary judgment briefing | | May to June 2017 | Oct. to Jan. 2017 |
| Parties to serve on each other a list of each fact witness they intend to call at trial | | 5-24-2017 | 10-20-2017 |
| Parties to serve on each other a list of rebuttal fact witnesses they intend to call at trial | | 6-23-2017 | 11-17-2017 |
| Oral argument on summary judgment motions | | June 2017 | 1-19-2018, at the Court's convenience |
| Pretrial conference | | Sept. 2017 | 2-27-2018, at the Court's convenience |
| Trial (5 day jury trial) | | Sept. 2017 | 3-19-2018, at the Court's convenience |